# IN THE COURT OF APPEALS OF IOWA

No. 14-0862
Filed April 22, 2015

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**ASHTON HOWARD DIX,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Muscatine County, Stuart P. Werling, Judge.

Ashton Dix appeals the district court's decision to impose consecutive sentences. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Melinda J. Nye, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Kevin Cmelik and Martha E. Trout, Assistant Attorneys General, and Alan Ostergren, County Attorney, for appellee.

Considered by Danilson, C.J., and Potterfield and Bower, JJ.

**BOWER, J.**

Ashton Dix appeals the district court's sentence following his guilty pleas to second-degree robbery and second-degree theft. Dix claims the district court abused its discretion by imposing consecutive prison sentences. We affirm on appeal by memorandum opinion pursuant to Iowa Court Rule 21.26(1)(a), (c), and (d).

Dix was charged with first-degree robbery, first-degree theft, and second-degree theft. Dix entered into a plea agreement in which he would plead guilty to the lesser included offense of second-degree robbery and second-degree theft. The State agreed to drop the first-degree theft charge. The parties did not reach an agreement on the question of whether the sentences would run concurrently or consecutively. On April 1, 2014, Dix entered, and the court accepted, his guilty plea.

A sentencing hearing was held on May 4. The State recommended consecutive sentences, and Dix asked for concurrent sentences. The court sentenced Dix to consecutive sentences, imposed minimum fines, and ordered Dix to pay restitution. Dix now appeals from the district court's sentence.

Our review of a sentence imposed in a criminal case is for correction of errors at law. Iowa R. App. P. 6.907; *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). We will not reverse the decision of the district court absent an abuse of discretion or some defect in the sentencing procedure. *Formaro*, 638 N.W.2d at 724.

Dix claims the district court abused its discretion by failing to consider mitigating circumstances. "The decision of the district court to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *Id.* An abuse of discretion will not be found unless we are able to discern that the decision was exercised on grounds or for reasons that were clearly untenable or unreasonable. *State v. Loyd*, 530 N.W.2d 708, 713 (Iowa 1995). Iowa Rule of Criminal Procedure 2.23(3) requires a trial court to state on the record its reasons for selecting a particular sentence. "Although the reasons need not be detailed, at least a cursory explanation must be provided to allow appellate review of the trial court's discretionary action. A trial court must also give reasons for its decision to impose consecutive sentences." *State v. Jacobs*, 607 N.W.2d 679, 690 (Iowa 2000) (citations omitted); *State v. Johnson*, 445 N.W.2d 337, 343 (Iowa 1989) ("A statement may be sufficient, even if terse and succinct, so long as the brevity of the court's statement does not prevent review of the exercise of the trial court's sentencing discretion.").

At the sentencing hearing, the district court evaluated the presentence investigative report, and listened to recommendations from the State, from defense counsel, and from Dix. After considering all the relevant sentencing factors, the district court stated: "It is the order of the Court based on your rather lengthy criminal history, your correctional needs, and the seriousness of this offense that these sentence run consecutively."

We find the district court listed adequate reasons for sentencing Dix to consecutive prison sentences. We find the district court did not abuse its discretion and affirm Dix's sentence.

**AFFIRMED.**